IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Debra Ann H.,[1]                          )
                                          )
                Plaintiff,                )
                                          )        Civil Action No. 2:20-3033-BHH
v.                                        )
                                          )
Kilolo Kijakazi, Acting                   )              **ORDER**
Commissioner of Social Security,          )
                                          )
                Defendant.                )
_____)

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Debra Ann H.'s ("Plaintiff") claim for disability insurance benefits and supplemental security income under the Social Security Act.  The record includes the report and recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits.  Plaintiff filed written objections to the Magistrate Judge's Report, and the Commissioner filed a reply to Plaintiff's objections.  *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy).  For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the

_____

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

Commissioner's final decision denying benefits.

## **<u>BACKGROUND</u>**

Plaintiff was born on May 16, 1959, and was 44 years old on the alleged disability onset date.  She has a high school education and past relevant work as a lab-wash tester and a warehouse clerk manager at a mill.

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on April 30, 2015, alleging disability beginning on June 1, 2003, due to: uveitis of eye; possible lupus or multiple sclerosis; neck damaged, pinched nerves, missing cushioning; numb arms; rheumatoid arthritis; bolts and screws in right ankle; sciatica; and acid reflux.  (ECF No. 12 at 126.)  Plaintiff's applications were denied initially and upon reconsideration.

Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on April 4, 2016.  Plaintiff was represented by counsel at the hearing.  On March 14, 2018, the ALJ issued a decision finding that Plaintiff could perform her past relevant work and that she was not disabled, but the Appeals Council remanded the case to the ALJ.

On remand, Plaintiff was again represented by counsel at a hearing on August 23, 2019.  On November 13, 2019, the ALJ issued a decision finding that Plaintiff was not disabled; that Plaintiff could perform her past relevant work; and that, in the alternative, Plaintiff could perform other jobs existing in the national economy.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review of the Commissioner's final decision on August 24, 2020.

**STANDARDS OF REVIEW**

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this Court.   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.   *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).   The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.   Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).   Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.   *Id.*   If a party fails to file any specific objections, this Court "need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### II.     Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.   Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).   "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied."   *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).   "Substantial evidence" is defined as:

3

evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.    The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

[The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)  If the answer

4

is in the affirmative, the final consideration looks to whether the impairment
precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed

to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of

production and proof remains with the claimant through the fourth step. However, if the

claimant successfully reaches step five, then the burden shifts to the Commissioner to

provide evidence of a significant number of jobs in the national economy that the claimant

could perform, taking into account the claimant's medical condition, functional limitations,

education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since June 1, 2003, the alleged onset date. Next, the ALJ determined that Plaintiff

has the following severe impairments: degenerative disc disease of the cervical spine,

diffuse anthralgia, remote history of an ORIF of the right ankle, and obesity. However, the

ALJ found that Plaintiff did not have an impairment or combination of impairments that met

or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the

ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) and

416.967(b) with the following additional limitations: Plaintiff can never climb ladders, ropes,

or scaffolds; Plaintiff can balance, stoop, kneel, crouch, and crawl occasionally; Plaintiff

should not work at unprotected heights and/or with unprotected dangerous moving

mechanical parts; and Plaintiff should never have to work in extreme cold. The ALJ found

that Plaintiff was capable of performing past relevant work as a cloth-shrinking tester and

that this work does not require the performance of work-related activities precluded by her RFC. Therefore, the ALJ found that Plaintiff was not under a disability from June 1, 2003, through the date of the decision.

## II. The Court's Review

In this action seeking judicial review, Plaintiff alleges that the ALJ erred by: (1) failing to explain the findings regarding Plaintiff's RFC, as required by Social Security 96-8p, and more specifically, failing to properly consider Social Security Ruling 96-9p regarding Plaintiff's use of a cane; (2) failing to properly assess the medical source opinions of Dr. Schacher and Dr. Kulik; and (3) failing to properly evaluate Plaintiff's subjective symptomology. (ECF No. 16 at 13-24.)

In her Report, the Magistrate Judge outlined the evidence and examined Plaintiff's first claim related to the ALJ's findings as to Plaintiff's RFC. The Magistrate Judge explained that the only specific argument raised by Plaintiff is whether the ALJ complied with Social Security Ruling 96-9p in addressing Plaintiff's use of a cane. The Magistrate Judge outlined the content of Social Security Ruling 96-9p and noted that the ALJ specifically acknowledged everywhere in the record that Plaintiff's cane use was mentioned, including Plaintiff's testimony and the relevant medical records. The Magistrate Judge further explained that the ALJ directly addressed the issue by stating: "At some exams, the claimant stated that she used a cane, but there was no evidence that a cane had been prescribed and the testified she only used it occasionally." (ECF No. 12 at 34.) The Magistrate Judge found no error in the ALJ's analysis, noting that no medical documentation in the record establishes that a cane was medically necessary, and explaining that "[a]lthough the ALJ did not use the term 'medically necessary' in her opinion,

6

it is clear that she was highlighting the lack of any medical documentation of the need for a cane." (ECF No. 19 at 11.) Lastly, the Magistrate Judge explained that the notations of Plaintiff's cane usage by Drs. Schacher (consultative examiner) and Kulik (treating physician) were based solely on Plaintiff's self-reports. The Magistrate Judge ultimately concluded that "[a]lthough Plaintiff argues that the ALJ did not sufficiently evaluate medical necessity without a prescription, the record contains a dearth of medical evidence regarding Plaintiff's need for a cane (other than Plaintiff's own self-reports)." (*Id.*)

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly considered and evaluated Plaintiff's use a cane in assessing her RFC. Plaintiff asserts that the ALJ failed to provide a sufficient basis for finding that Dr. Schacher's opinion that Hayes needed a cane was not supported by the evidence, although Plaintiff concedes that the ALJ provided a sufficient basis for rejecting Dr. Kulik's statement that Plaintiff needed a cane. According to Plaintiff, the ALJ's single sentence that "there was no evidence that a cane had been prescribed and the testified she only used it occasionally," fails to provide a sufficient basis to reject Plaintiff's need for a cane in the RFC findings. (ECF No. 20 at 2 (quoting ECF Nos. 12 at 34 and 19 at 8.)

After review, the Court finds no merit to Plaintiff's objections and agrees with the Magistrate Judge that substantial evidence supports the ALJ's findings with respect to Plaintiff's use of a cane. Pursuant to Social Security Ruling 96-9P, "[t]o find that a hand-held assistive device is medically required, there must be *medical documentation* establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations: distance and terrain; and any other relevant information)."

7

S.S.R. 96-9P, 1996 WL 374185, *7 (emphasis added).  Here, as the Magistrate Judge explained, the ALJ specifically acknowledged all of the portions of the record that mentioned Plaintiff's use of a cane, including her testimony and the opinions of Drs. Schacher and Kulik.  With respect to Dr. Schacher's opinion, the ALJ explained that Dr. Schacher examined Plaintiff on a single occasion without the benefit of her medical records, and the ALJ referenced Dr. Schacher's notes indicating that Plaintiff used a cane and was limping.  As the Magistrate Judge explained, however, Dr. Schacher's notes were based on Plaintiff's self-reports and the fact that Plaintiff was using a cane when he examined her.  Ultimately, the Court agrees with the Magistrate Judge that "self-reports and references in the record from physicians stating only that a claimant presented with a cane are not sufficient" to establish medical necessity.  (ECF No. 19 at 11.)  Thus, as the Magistrate Judge properly determined, there is no medical documentation in the record establishing that a cane was medically necessary, and the Court finds no error in the ALJ's assessment of Plaintiff's RFC.

As to Plaintiff's second claim of error, the Magistrate Judge found that substantial evidence supports the ALJ's assessment of the opinions of Dr. Schacher and Dr. Kulik.  As previously mentioned, Plaintiff concedes in her objections that substantial evidence supports the ALJ's assessment of Dr. Kulik's opinion, and the Court agrees with the Magistrate Judge's analysis of this issue and finds no clear error.  With respect to Dr. Schacher, however, Plaintiff asserts in her objections that the ALJ failed to provide sufficient specificity when stating that Dr. Shacher's findings were not consistent with the medical evidence of record.  The Court disagrees.

As the Magistrate Judge explained, the ALJ thoroughly outlined Dr. Schacher's

8

findings and gave specific reasons for giving Dr. Schacher's opinions partial weight. The ALJ explained that Dr. Schacher only examined Plaintiff on one occasion and that Dr. Schacher's findings were based solely on this single examination because he was not provided any of Plaintiff's medical records to review. The ALJ also explained that Dr. Schacher's findings were different from what was found at Plaintiff's other orthopedic exam. After review, the Court agrees with the Magistrate Judge that the ALJ gave solid reasons for giving partial weight to Dr. Schacher's opinion, and that it is clear that the ALJ meaningfully considered each of the relevant factors before deciding how much weight to give to the opinion. Accordingly, the Court overrules Plaintiff's objection.

Finally, as to Plaintiff's third claim of error in this action–that the ALJ failed to properly analyze Plaintiff's subjective symptomology–the Magistrate Judge outlined the applicable law and found that, "[w]hen viewing the decision as a whole, it is clear that the ALJ applied the appropriate analysis." (ECF No. 19 at 21.) The Magistrate Judge noted that, in finding that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence, the ALJ thoroughly discussed the objective medical evidence, as well as the kinds of treatment Plaintiff was offered or received. Additionally, the Magistrate Judge noted that the ALJ discussed Plaintiff's activities of daily living throughout the decision, and that, in weighing Plaintiff's subjective complaints, the ALJ also relied on the most recent medical records where Plaintiff did not claim to have the significant pain she had in prior visits. In all, the Magistrate Judge found that the ALJ considered the appropriate factors and that substantial evidence supports her treatment of Plaintiff's subjective complaints. Importantly, Plaintiff did not file any specific objections to the Magistrate Judge's findings

on this issue.  After review, the Court finds no clear error and agrees with the Magistrate Judge that substantial evidence supports the ALJ's analysis of Plaintiff's subjective complaints.

Ultimately, this Court's role is not to re-weigh the evidence or to substitute its judgment for that of the Commissioner.  Instead, the Court's role is to determine whether substantial evidence supports the Commissioner's decision.  Here, for the reasons set forth above, the Court finds that substantial evidence supports the ALJ's decision denying Plaintiff's claim for benefits.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  Accordingly, the Court adopts Magistrate Judge's Report (ECF No. 19); the Court overrules Plaintiff's objections (ECF No. 20); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**


/s/Bruce H. Hendricks
United States District Judge

March 15, 2022
Charleston, South Carolina

10